UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

_____
                                            )
Yun Fei Li,                                 )
    A77-354-636                             )
Cindy Bin Chen,                             )
            Plaintiffs,                     )
                                            )
        - vs -                              )     **Civil Complaint**
                                            )     No. 07 Civ. 6875 (CM) (JF)
Michael Chertoff,                           )
    Secretary, U.S. Department of           )     ECF CASE
    Homeland Security                       )
Emilio T. Gonzalez,                         )
    Director, U.S. Citizenship and          )
    Immigration Services                    )
Andrea J. Quarantillo,                      )
    District Director, U.S. Citizenship and )
    Immigration Services,                   )
                                            )
            Defendant.                      )
_____)

                                              Thomas V. Massucci, Esq.
                                              401 Broadway, Suite 908
                                              New York, NY 10013
                                              (212) 334-2280

**COMPLAINT FOR A WRIT OF MANDAMUS
OR EQUIVALENT STATUTORY RELIEF**

       This is an action brought pursuant to the Administrative Procedure Act, 5 U.S.C. § 706, the Mandamus Act, 28 U.S.C. § 1361, and the All Writs Act, 28 U.S.C. § 1651, for declaratory relief compelling the Defendants to adjudicate the Petition for Alien Relative, Form I-130, filed by Plaintiff Cindy Bin Li on behalf of her husband Plaintiff Yun Fei Li and the Application to Adjust to Permanent Resident Status, Form I-485, filed concurrently by Yun Fei Li. In support of this complaint, Plaintiffs state as follows:

## JURISDICTION AND VENUE

1.      This action arises under the Administrative Procedure Act (APA), 5 U.S.C. § 701 *et seq.*, the Mandamus Act, 28 U.S.C. § 1361, and the All Writs Act, 28 U.S.C. § 1651.  This Court has jurisdiction in this case pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1361 and 28 U.S.C. § 1651.

2.      Venue lies in the United States District Court for the Southern District of New York, in which jurisdiction the Plaintiff resides, pursuant to 28 U.S.C. § 1391(e).

## PARTIES

3.      Plaintiff, Yun Fei Li, is a native and citizen of the People's Republic of China ("China").  He is married to Plaintiff Cindy Bin Li, a naturalized citizen of the United States. Plaintiffs reside at 54 Eldridge Street, Apt. 1D, New York, NY 10002.

4.      Defendant, Michael Chertoff, is the Secretary of the Department of Homeland Security (DHS).  As such, he is charged with administering all the functions, powers and duties of that department including the agencies within the DHS.  His office is located at DHS Headquarters, Washington, D.C.  Defendant, Emilio T. Gonzalez, is the Director of the United States Citizenship and Immigration Services (USCIS).  As such, he is charged with the duty of administering all the functions, powers and duties of the USCIS.  His office is located at USCIS Headquarters, 425 I Street NW, Washington, D.C. 20536.  Defendant, Andrea J. Quarantillo, is the New York District Director of the USCIS.  As such, she is charged with the duty of administering all the functions, powers and duties of the USCIS within the New York District. Her office is at 26 Federal Plaza, New York, NY 10278.

## EXHAUSTION OF REMEDIES

5.      Plaintiffs have no available administrative remedies regarding the Defendants'

delay in adjudicating the respective applications in this case.

## STATEMENT OF FACTS

6.  Yun Fei Li was born on March 5, 1983 in Changle City, Fujian Province, China. He arrived in the United States at Los Angeles International Airport without a visa on June 24, 2001. At that time he was detained by officials of the former Immigration and Naturalization Service (INS).[1] On July 10, 2001, Yun Fei Li was issued a Notice to Appear in immigration court by the INS, charging him as an arriving alien and removable from the United States pursuant to INA § 212(a)(7)(A)(i)(I); 8 U.S.C. § 1182(a)(7)(A)(i)(I). He subsequently conceded removability, but filed an application for political asylum in lieu of removal. However, an immigration judge denied this application and ordered Yun Fei Li to be removed from the United States on October 5, 2002. The Board of Immigration Appeals denied Yun Fei Li's appeal of that decision on November 20, 2003.

7.  On February 5, 2003, Yun Fei Li married Bin Bin Chen, who was at the time a lawful permanent resident, in the Bronx, New York. Bin Bin Chen subsequently became a naturalized citizen of the United States, during a ceremony held at this court on June 13, 2003. On the same date, she lawfully changed her name to Cindy Bin Chen. The couple has two daughters, born on July 2, 2005 and June 9, 2007. Both children were born at Bellevue Hospital in New York, New York.

8.  On October 11, 2003, Plaintiff Cindy Bin Chen filed a Petition for Alien Relative, Form I-130, on behalf of Plaintiff, Yun Fei Li. Concurrent with the I-130, Yun Fei Li filed an Application to Adjust to Permanent Resident Status, Form I-485, which was received by the

---

[1] On March 1, 2003, the functions of the former INS were transferred from the Department of Justice to three agencies (United States Immigration and Customs Enforcement, United States Customs and Border Protection, and United States Citizenship and Immigration Services) in the

USCIS on October 16, 2003. On January 15, 2004, the USCIS issued notices transferring both the I-130 and the I-485 to the New York office. No subsequent action has been taken by the USCIS regarding the I-130 and I-485 in this case.

## LEGAL BACKGROUND

9. An alien who is physically present in the United States may apply to adjust status to a permanent resident if the alien is eligible to receive an immigrant visa and if the visa is immediately available. INA § 245, 8 U.S.C. § 1255; 8 C.F.R. § 245.1(a). A U.S. citizen may file a petition, Form I-130, for any relative described in INA § 203(a)(1), (3) or (4), 8 U.S.C. § 1153(a)(1), (3) or (4) or any relative who is an "immediate relative" as described in INA § 201(b)(2)(A)(i), 8 U.S.C. § 1151(b)(2)(A)(i). A spouse of a U.S. citizen is designated as an "immediate relative" which makes an immigrant visa immediately available. *See,* INA § 201(b)(2)(A)(i), 8 U.S.C. § 1151(b)(2)(A)(i). However, an immigrant visa petition cannot be approved in the case of an alien spouse who is in exclusion, deportation or removal hearings, unless either the alien spouse has resided outside of the United States for at least two years after the date of marriage, or unless the alien spouse "establishes by clear and convincing evidence to the satisfaction of the Attorney General that the marriage was entered into in good faith and in accordance with the laws of the place where the marriage took place and the marriage was not entered into for the purpose of procuring the alien's admission as an immigrant." INA § 245(e)(3), 8 U.S.C. 1255(e)(3); *see also*, INA § 204(g), 8 U.S.C. § 1154(g).

10. If an alien meets the requirements of 8 C.F.R. § 1245.1(a), the alien is eligible to adjust status to a lawful permanent resident unless otherwise ineligible to adjust pursuant to 8 C.F.R. §§ 1245.1(b) & (c). However, 8 C.F.R. §§ 1245.1(b)(4), (b)(5), (b)(6), (b)(8) & (b)(10)

---

newly formed Department of Homeland Security ("DHS"). *See generally* Homeland Security Act of 2002, Pub. L. No. 107-296, 116 Stat. 2135 (Nov. 25, 2002).

do not apply to an "immediate relative." Moreover, 8 C.F.R. § 1245.1(b)(3) does not apply to an alien who was inspected and paroled into the United States by an immigration officer.

11. Pursuant to *Matter of Rainford*, 20 I&N Dec. 598 (BIA 1992) and *Matter of Rosas*, 22 I&N Dec. 616 (BIA 1999), an application for adjustment of status is considered an application for admission into the United States. Therefore, only current grounds of inadmissibility apply to those applying for adjustment of status. *See*, *id.* Moreover, INA §§ 212(a)(9)(A), 212(a)(9)(B), and 212(a)(9)(C), do not apply to applications for adjustment of status filed by an alien who has not yet departed or been removed from the United States. *See* Memo, Crocetti, Assoc. Comm., HQ 50/5.12 (May 1, 1997), reprinted in 74 Interpreter Releases 781, 791 (May 12, 1997).

12. Previously, 8 C.F.R. § 1245.1(c)(8) (2005) prohibited arriving aliens in exclusion, deportation or removal proceedings from adjusting status (repealed and replaced by former § 1245.1(c)(9)). However, on May 12, 2006, the Attorney General issued a notice in the Federal Register, amending the Title 8 of the Code of Federal Regulations. *See,* Arriving Aliens in Removal Proceedings; Eligibility to Apply for Adjustment; Jurisdiction to Adjudicate Applications, 71 Fed. Reg. 27585. Effective on May 12, 2006, former 8 C.F.R. § 1245.1(c)(8) has now been repealed. *Id.*

## CLAIM FOR RELIEF

13. The allegations set forth in paragraphs 1 through 12 above are repeated and re-alleged as though fully set forth herein.

14. Defendants have taken no action on Plaintiff's case, despite the fact that the case has long passed Defendants' time guidelines for adjudicating this type of application. Plaintiffs have no other available administrative or judicial remedies. Defendants' refusal to act in this

case is, as a matter of law, arbitrary and not in accordance with the law. Plaintiffs have been greatly damaged by the failure of Defendants to act in accord with their duties under the law.

15. The Defendants, in violation of the Administrative Procedures Act, 5 U.S.C. § 701 et seq, the Mandamus Act, 28 U.S.C. § 1361, and the All Writs Act, 28 U.S.C. § 1651, are unlawfully withholding or unreasonably delaying action on Plaintiffs' I-130 and I-485 petitions and have failed to carry out the adjudicative functions delegated to them by law with regard to Plaintiffs' above said petitions.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs pray that this Honorable Court grant the following relief:

(1) Grant the writ of mandamus;

(2) Compel the Defendants to process and adjudicate the I-130 and I-485;

(3) Award to Plaintiff reasonable costs and attorneys' fees; and,

(4) Grant any other and further relief that this Honorable Court deems just and proper.

Respectfully submitted,

_____/s_____TM9482
Thomas V. Massucci, Esq.
401 Broadway, Suite 908
New York, NY 10013
(212) 334-2280

## VERIFICATION

Pursuant to 28 U.S.C. § 2242, the undersigned certifies under penalty of perjury that he has reviewed the foregoing petition and that the facts stated therein concerning Plaintiff are true and correct.

_____/s_____TM9482
Thomas V. Massucci, Esq.
Date submitted: July 25, 2007